UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN L. FARRAR**, | Case No. 6:15-cv-00618-KI |
| Plaintiff, | OPINION AND ORDER DENYING PRELIMINARY INJUNCTION |
| v. | |
| **COLETTE PETERS**, Director, O.D.O.C.; **SUPT. J. PREMO**, Asst. Supt.; **M. YODER**; **CAPT. D. LONG**; **C. COFFEY**, OSP Medical Services; **S. SHELTON**, M.D., Medical Director, O.D.O.C.; **J. RUSSELL**, BHS Administrator; **T. BYERLY**, BHS Manager OSP; **B MILLER**, BHS (PMHNP) OSP; **C. GORDON**, BHS (QMHP) OSP; **C. FARRELL** (QMHP) OSP; **LEONARD WILLIAMSON**, Inspector General; **GARRETT LANEY**, Deputy Inspector General; **E. BRYANT**, Inspector 2; **J. NOFZIGER**, OSP; **D. PARKER**, OSP; **K. ENGLE**, C/O OSP; **DR. GULICK**, SRCI, | |
| Defendants. | |

Page 1 - OPINION AND ORDER DENYING PRELIMINARY INJUNCTION

KING, Judge:

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for Preliminary Injunction (ECF No. 65).

## BACKGROUND

In this complaint, plaintiff alleges five claims against the defendants as follows: claims one and two (denial of due process); claims three and four (forced double celling and retaliation); and claim five (inadequate medical care).

As relevant to the pending motion, plaintiff specifically alleges he has been housed in a single cell for approximately 26 of the 29 years he has been incarcerated. Plaintiff alleges that on or around March 3 or 4, 2014, Captain D. Long placed him in a double cell.[1] Plaintiff expressed concern on multiple occasions about how his mental and physical health would be affected by being housed in a double cell. Plaintiff alleges during this time defendants repeatedly informed him that his mental health diagnoses had changed, such that a single cell was no longer necessary. He then alleges, "Plaintiff lives in fear of being double celled." Compl. ¶ 71.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm

---

[1] He alleges elsewhere that his single cell status was removed sometime in January or February 2014. Compl. ¶ 84.

in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

## DISCUSSION

Plaintiff moves for a preliminary injunction "restraining defendants from placing Plaintiff with mental health disabilities into a double cell with another inmate that would subject Plaintiff to the possibility of death or permanent disability or force Plaintiff to refuse double celling order and be placed in punitive disciplinary segregation unit." Pl.'s Mot. 1-2. Plaintiff concedes that defendants have "treated Plaintiff well and kept Plaintiff in a one-bar single cell E-135 that Plaintiff would like to remain in pending the completion of this civil action." Pl.'s Decl. ¶ 8.

Defendants respond by simply asserting a court order is unnecessary as plaintiff "is and has been in a single cell for quite some time." Defs.' Resp. 2. Plaintiff replies that the treatment

plan that has worked for him requires placement in a single cell, and he wants a mental health restriction to single cell status restored in his records so that defendants cannot deprive him of his single cell.

Plaintiff has not demonstrated a likelihood of irreparable injury as he merely speculates that he may lose his current placement in a single cell, and that he will be harmed or will harm someone else were he placed in a double cell. These are insufficient reasons to warrant injunctive relief. Plaintiff must show a presently existing actual threat to justify court involvement at this stage of the proceeding. *Goldie's Bookstore, Inc. v. Superior Crt. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). Plaintiff's predictions about what may happen in the future are insufficient to demonstrate an immediate threat of irreparable harm.

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Preliminary Injunction [65] is denied.

IT IS SO ORDERED.

DATED this   22nd   day of February, 2016.


       /s/ Garr M. King
       Garr M. King
       United States District Judge