UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**STEPHEN L. FARRAR**,

        Plaintiff,

   v.

**COLETTE PETERS, Director, O.D.O.C.; SUPT. J. PREMO, Asst. Supt.; M. YODER; CAPT. D. LONG; C. COFFEY, OSP Medical Services; S. SHELTON, M.D., Medical Director, O.D.O.C.; J. RUSSELL, BHS Administrator; T. BYERLY, BHS Manager OSP; B MILLER, BHS (PMHNP) OSP; C. GORDON, BHS (QMHP) OSP; C. FARRELL (QMHP) OSP; LEONARD WILLIAMSON, Inspector General; GARRETT LANEY, Deputy Inspector General; E. BRYANT, Inspector 2; J. NOFZIGER, OSP; D. PARKER, OSP; K. ENGLE, C/O OSP; DR. GULICK, SRCI**,

        Defendants.

Case No. 6:15-cv-00618-KI

OPINION AND ORDER ON DISCOVERY MOTIONS

KING, Judge:

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for an Order to Compel Discovery (ECF No. 63), plaintiff's second Motion to Compel Discovery (ECF No. 67), plaintiff's third Motion to Compel Discovery (ECF No. 74), and plaintiff's Motion to Stay Discovery (ECF No. 77).

## BACKGROUND

In this complaint, plaintiff alleges five claims against the defendants as follows: claims one and two (denial of due process); claims three and four (forced double celling and retaliation); and claim five (inadequate medical care).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A party may move for an order compelling disclosure of discovery. Fed. R. Civ. P. 37(a). The moving party bears the burden of showing nondisclosure imposes actual and substantial prejudice. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## DISCUSSION

I.  Motion for an Order to Compel Discovery (ECF No. 63)

Plaintiff seeks to compel disclosure of the following documents:

A.      Fifth Claim as Set Forth in the Supplemental Complaint (ECF No. 23)

Plaintiff alleges in his supplemental complaint that he had been taking Neurontin for his sciatic pain for approximately three years when he was transferred from OSP to SRCI. At the time of his transfer, plaintiff's Neurontin renewal request was denied. Dr. Gulick examined plaintiff about three times from March to May 2015, but informed plaintiff he would not prescribe pain relief medications due to plaintiff's contraband charges. Dr. Gulick questioned plaintiff's report of sciatica when the pain did not extend down his leg to his right foot. Dr. Gulick also removed permission for plaintiff to keep medications in his cell, which plaintiff had been allowed to do for ten years, instead requiring plaintiff to obtain them from the medication cart between the hours of 7 p.m. to 9:30 p.m.

Plaintiff withdraws his motion to compel with respect to his requests for production 3 and 7.

Plaintiff's requests for production 1, 2, 4, 5, and 12 seek documents related to how Dr. Gulick treated other prisoners. Specifically, plaintiff seeks information regarding Dr. Gulick's prescribing practices for newly arriving prisoners, his practices requiring prisoners to use the medication cart, and disciplinary records for those other prisoners. Plaintiff explains the documents are relevant to Dr. Gulick's deliberate indifference toward him "and other prisoners that Dr. G. Gulick arbitrarily targets, when we arrive at SRCI/IMU with contraband charges on [our] prison records." Pl.'s Mot. 3 (ECF No. 63). Plaintiff seeks, in his request for production 12, the housing assignment records of five named inmates in December 2014, and January and February 2015.

As defendants properly note, plaintiff's requests are not relevant to his claim. Plaintiff's claim against Dr. Gulick requires him to "show that the course of treatment [defendant] chose was medically unacceptable under the circumstances, and [he] must show that [defendant] chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citation omitted). Dr. Gulick's treatment of other prisoners is simply irrelevant, as is the pain and suffering of the five other named inmates who allegedly were also denied pain medication. Plaintiff's motion to compel responses to requests for production 1, 2, 4, 5, and 12 is denied.

Finally, plaintiff's request for medical records, in request for production number 13, has been satisfied and plaintiff's motion to compel is denied.

B.    Fourth Claim for Relief

In his request for production number 9, plaintiff requests records "of open E-Block one-bar cells and open D-Block one-bar cells on 3-9-14 and 3-10-14 at OSP 2605 State Street, Salem, OR 97310." Plaintiff contends this request is relevant to his fourth claim for relief (citing page 37, paragraphs 99-101).

Plaintiff's fourth claim for relief is the subject of defendants' Motion for Partial Summary Judgment (ECF No. 59) in which defendants seek to dismiss plaintiff's fourth claim for failure to exhaust administrative remedies. Accordingly, I stay discovery on plaintiff's request for production number 9 until resolution of defendants' Motion for Partial Summary Judgment. However, should I deny defendants' motion, I will inquire of the parties about whether a narrow interrogatory will suffice, such as "state the number of E-Block one-bar cells open on March 9,

2014 and on March 10, 2014, and the number of open D-Block one-bar cells on March 9, 2014 and March 10, 2014 at OSP."

Plaintiff also seeks, in his request for production number 10, documents relevant to James Danis' cell assignment, arguing they are relevant to showing Captain Long targeted plaintiff. Again, this discovery is relevant to plaintiff's fourth claim for relief, which is the subject of defendants' Motion for Partial Summary Judgment. I stay discovery on plaintiff's request for production number 10 until resolution of that motion. If I deny defendants' motion, I will inquire of the parties whether there is an alternative that would satisfy plaintiff's need for the evidence while avoiding defendants' justifiable security concerns.

Plaintiff's motion to compel is denied with leave to renew with respect to his requests for production 9 and 10 should his fourth claim survive defendants' motion for partial summary judgment.

C. First and Second Claims

Finally, in plaintiff's first and second claims for relief, plaintiff challenges a misconduct report and the process and outcome of a subsequent disciplinary hearing.

Related to these claims, then, plaintiff seeks the following records on Stephen Kessler #2059426 in his request for production number 11: (1) misconduct reports, and (2) finding of fact, conclusion and order with administrative review response during Sept. and Oct. 2014 at OSP, 265 State Street, Salem OR 97310. Defendants object on the basis of its being overbroad, unduly burdensome, privileged, and exempt from disclosure under ORS 192.502(5). In response to the motion to compel, they also argue the documents are irrelevant as the treatment of other inmates is not an issue in plaintiff's case.

Page 5 - OPINION AND ORDER ON DISCOVERY MOTIONS

Plaintiff asserts the documents are relevant "in establishing links in the chain of evidence that will show that Inspector General officers with hearing officer Nofziger, used false, misleading and fabricated evidence to support findings of guilt on false charges against Plaintiff, S. Kessler, James Danis and several other prisoners with Possession of Heroin and Distribution of Heroin[.]" Pl.'s Mot. 5-6. In his reply, he contends Kessler was alleged to be a drug kingpin in a conspiracy involving plaintiff based on no evidence leading to plaintiff.

To the extent plaintiff challenges the procedures used in the disciplinary hearing process, the treatment other prisoners received is irrelevant. *See Wolff v. McDonnell*, 418 U.S. 539, 560 (1979) (process requires (1) hearing; (2) staff representation; (3) written notice; (4) conditional opportunity to present witnesses and documentary evidence; (5) written statement).

To the extent plaintiff challenges the outcome of his disciplinary hearing and the resulting sanction, I question whether his punishment sufficiently implicates a liberty interest such that he may state a claim under the due process clause. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569-71 (1972) (plaintiff must allege (1) liberty or property interest protected by the Constitution; (2) deprivation by the government; and (3) lack of opportunity for process); *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (the due process clause does not confer a liberty interest in freedom from the conditions or degree of confinement ordinarily contemplated by a prison sentence); *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence"), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995).

Accordingly, given the valid security concerns defendants raise, and the questions I have about the relevance of the material at least at this stage of the proceeding, I deny plaintiff's

motion to compel. Should plaintiff require this evidence in defending a future dispositive motion, he may seek leave to obtain the additional discovery in conformance with Federal Rule of Civil Procedure 56(d). Under that rule, I may permit additional discovery if plaintiff submits an affidavit in support of his opposition to summary judgment explaining why he cannot present facts essential to justify his opposition.

II.     Motion to Compel Discovery (ECF No. 67)

Plaintiff's requests for production numbers 1 and 2 are overbroad and fail to state a time period; plaintiff's motion to compel discovery is denied.

Plaintiff's requests for production 3 through 13 and 30 all relate to plaintiff's challenge to his misconduct charge and the related disciplinary procedures. His motion to compel discovery is denied for the same reasons as set forth in Section I.C above.

Defendants have provided (or will soon provide) responses to 14, 15, 16, 23, and 24. Plaintiff's motion to compel discovery is denied.

Plaintiff has no objection to defendants' responses on request for production 17-21, and 25-29.

Defendants report no policy responsive to request for production number 22. Plaintiff's motion to compel is denied.

III.    Motion to Compel Discovery (ECF No. 74)

Plaintiff seeks answers to his interrogatories numbers 5 through 8. Defendants object to these interrogatories on the basis that plaintiff has not alleged any of the defendants named in each of those interrogatories personally participated in any of the alleged constitutional violations. I agree that at this stage of the litigation, it would be unduly burdensome to require

Page 7 - OPINION AND ORDER ON DISCOVERY MOTIONS

defendants to respond. Pursuant to Federal Rule of Civil Procedure 33(a)(2), I order that defendants need not answer these interrogatories at this time. Again, to the extent plaintiff requires discovery in order to effectively oppose summary judgment, he may follow the procedure outlined in Federal Rule of Civil Procedure 56(d).

IV.     Motion to Stay Discovery (ECF No. 77)

Plaintiff moves to stay discovery until the defendants have complied with his discovery requests. I deny this motion as plaintiff gives no persuasive reason to delay discovery.

## CONCLUSION

Based on the foregoing, I deny plaintiff's Motion for an Order to Compel Discovery [63], plaintiff's second Motion to Compel Discovery [67], plaintiff's third Motion to Compel Discovery [74], and plaintiff's Motion to Stay Discovery [77].

IT IS SO ORDERED.

DATED this    22nd    day of February, 2016.


　　　　　　　　　　　　　　　　　  /s/ Garr M. King
　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　United States District Judge