UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**STEPHEN L. FARRAR**,

            Plaintiff,

    v.

**COLETTE PETERS, Director, O.D.O.C.; SUPT. J. PREMO, Asst. Supt.; M. YODER; CAPT. D. LONG; C. COFFEY, OSP Medical Services; S. SHELTON, M.D., Medical Director, O.D.O.C.; J. RUSSELL, BHS Administrator; T. BYERLY, BHS Manager OSP; B MILLER, BHS (PMHNP) OSP; C. GORDON, BHS (QMHP) OSP; C. FARRELL (QMHP) OSP; LEONARD WILLIAMSON, Inspector General; GARRETT LANEY, Deputy Inspector General; E. BRYANT, Inspector 2; J. NOFZIGER, OSP; D. PARKER, OSP; K. ENGLE, C/O OSP; DR. GULICK, SRCI**,

            Defendants.

Case No. 6:15-cv-0618-KI

SUPPLEMENTAL OPINION AND ORDER

Page 1 - SUPPLEMENTAL OPINION AND ORDER

KING, Judge:

Plaintiff Stephen L. Farrar, an Oregon Department of Corrections' inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983. I previously deferred ruling on defendants' motion for summary judgment as to a portion of Claim Two and I directed defendants to provide to the Court a copy of a video that plaintiff claimed was exculpatory.

I have now reviewed the video and I do not require additional briefing to resolve defendants' motion for summary judgment as to Claim Two.[1] For the following reasons, I now grant defendants' motion for summary judgment and enter judgment as to all claims.

## BACKGROUND

Plaintiff's remaining claim arises from a May 2014 misconduct report and the subsequent disciplinary proceeding; plaintiff alleges defendants Kennan Engle (Correctional Officer), Denise Parker (Correctional Hearings Officer), and Leonard Williamson (Inspector General) violated his due process rights. I previously dismissed Engle and Williamson. *See* Op. and Order, Sept. 29, 2016 (ECF No. 143).

The facts relevant to the remaining claim are as follows:

On May 26, 2014, Engle charged plaintiff with Contraband I, False Information to Employees I, and Distribution I. In the misconduct report, Engle reported that he watched plaintiff put something small in inmate Britt Brock's palm. Engle saw plaintiff holding

---

[1]To make a complete record, I note the following: the Court received a disc purporting to contain the entire interaction referenced in Parker's report. However, the video did not start until 14:21:03, which fell past the time marked in Parker's report. Court staff contacted defendants' attorney and obtained a corrected version of the video. Since the Court could independently confirm that the video it received corresponded with the video entered into evidence at plaintiff's disciplinary hearing (as described by Parker in her report), plaintiff's Objections to Video Docket (ECF No. 145) are deemed moot.

Page 2 - SUPPLEMENTAL OPINION AND ORDER

something in his hand.  Engle ordered plaintiff to show what was in his hand, at which time plaintiff showed Engle a small piece of what looked like plastic wrap.  Plaintiff threw the plastic away at Engle's direction.  Engle then approached Britt and ordered him to empty his pockets.  Britt held on to something in his right hand, tried to put it behind his back, and then put whatever was in his hand into his mouth.  Officers handcuffed Britt and took him to DSU where he admitted to taking Neurontin.  When Engle asked plaintiff if he passed anything to Britt he said no.  Plaintiff then said he passed the piece of plastic to Britt.[2]  Plaintiff admitted he was prescribed Neurontin.

        Parker postponed the initial disciplinary hearing to allow plaintiff to watch a surveillance video.  At the subsequent June 10, 2014 disciplinary hearing, Parker denied plaintiff's request to call Britt as a witness.  She found plaintiff in violation of Distribution II, Contraband I, and Disobedience of an Order I.[3]  She imposed a punishment of 25 days in DSU, 14 days loss of privileges, and a $35 fine suspended pending no Level 1 or II rule violations.

---

    [2] Plaintiff says he told the investigator he passed paper to Britt.  Pl.'s First Aff. ¶ 72.

    [3] An inmate commits Distribution II if he "[d]istributes or has distributed to him/her or manufactures contraband that creates a threat to the safety, security and orderly operation of the facility[.]"  OAR 291-105-0015(4)(g)(A).  Contraband I includes possessing any intoxicant.  OAR 291-105-0015(1)(d).  Disobedience of an Order I occurs when an inmate "overtly refuses to promptly, or in a timely manner, comply with a valid order, which creates a threat to the safety, security, or orderly operation of the facility (such as when one or more other persons are present)."  OAR 291-105-0015(4)(a).  I note Parker also references the charge of False Information to Employees I, which is what Engle initially charged plaintiff with.  *See* Parker Decl. Att. 1, at 3.  Regardless, the discipline plaintiff received was based on the Distribution II charge alone.

Page 3 - SUPPLEMENTAL OPINION AND ORDER

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." *Nicholson v. Hyannis Air Service, Inc.*, 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Due process protections called for by the Supreme Court in this context require that a decision to discipline a prisoner be supported by "some evidence." *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). "Evidence must meet minimal standards of reliability." *Toussaint v. McCarthy*, 926 F.2d 800, 806 (9th Cir. 1990). A court does not "reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion.'" *Bruce*, 351 F.3d at 1287 (quoting *Hill*, 472 U.S. at 455-56). The Constitution does not mandate that the evidence logically preclude any conclusion other than the one reached by the hearings officer. *Hill*, 472 U.S. at 457.

Plaintiff takes issue with Parker's review of the video and asserts there was insufficient evidence to support her decision. Compl. 50, ¶¶ (a), (d). Plaintiff summarizes the surveillance

video, which he contends shows he passed a white, folded piece of paper to Britt, who placed it in his front left pocket.  Plaintiff then showed Engle a piece of plastic oatmeal bag with a few oats in it.  At Engle's direction, plaintiff threw the bag out and left for work.  The video then shows Engle ordered Brock to empty his pockets.  Brock pulled the contents out of his left pocket with his left hand and placed them on the counter.  The video then depicts Brock pulling the contents out of his right pocket and quickly placing something into his mouth using his right hand.  Pl.'s First Aff. ¶¶ 64-70.

Based on plaintiff's description of the video, and the fact that he contends the video clearly shows he passed Britt a piece of white paper, which went into Britt's left pocket, when Britt took the Neurontin out of his right pocket, I felt it necessary to watch the video in order to determine whether the video constitutes exculpatory evidence sufficient to undermine Parker's decision.  *See Williams v. Thomas*, 492 F. App'x 732, 734 (9th Cir. 2012) (unpublished) (district and appellate court reviewed video evidence in order to help determine whether it constituted exculpatory evidence).  Accordingly, I deferred decision on defendants' summary judgment as to this portion of plaintiff's second claim.

I have now reviewed the video.  The video does indeed reflect that plaintiff passed Britt a folded piece of paper.  Britt took the folded paper from plaintiff's hand but did not open it or read it.  Instead, he put it in the left front pocket of his pants and kept his left hand in his pocket while he and plaintiff continued their conversation.  Britt then stroked his chin with his left hand, hitched his pants with his left hand, then turned back to the counter.  While continuing to talk to plaintiff, Britt glanced toward the security camera then clasped his hands together and stretched them over his head.  At 14:20:29, Britt turned and leaned his back against the counter while

Page 5 - SUPPLEMENTAL OPINION AND ORDER

plaintiff faced toward the counter. Britt's right shoulder then nearly touched plaintiff's right shoulder. At 14:20:30, Britt looked down at plaintiff's right side and continued looking down through 14:20:32 while both of their right arms moved. The security footage does not capture what they did with their hands. By 14:20:33 both plaintiff and Britt shifted away from each other and by 14:20:36 plaintiff had begun walking away from Britt.

The video is not conclusive evidence in plaintiff's favor. Engle reported that he saw plaintiff put something small in Britt's palm. The video reflects that plaintiff and Britt were close enough for plaintiff to pass something to Britt's right hand, and showed their arms moving, from 14:20:30 to 14:20:32. While I agree with plaintiff that Engle overstated the evidence when he said the video shows plaintiff "clearly giving Inmate Britt something," the interaction in the context of the entire video is sufficient to corroborate Engle's statement that he observed plaintiff put something small in Britt's hand. When Engle told Britt to empty his pockets, Britt pulled something from his right pocket and put it in his mouth with his right hand. In short, Engle's report and the video provide "some evidence" to support Parker's conclusion that plaintiff committed the offenses of which he was charged.

Defendants are entitled to summary judgment on this claim.

///

///

///

Page 6 - SUPPLEMENTAL OPINION AND ORDER

## CONCLUSION

Based on the foregoing, defendants' motions for partial summary judgment (ECF No. 59) as to claim two and as to defendant Parker is now granted. Judgment will be entered dismissing this case.

IT IS SO ORDERED.

DATED this   9th   day of November, 2016.

                                        /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge